**Nollie Lee MARTIN, Petitioner,**

v.

**Richard L. DUGGER, Secretary, Florida Dept. of Corrections, Respondent.**

**No. 87–8816–CIV.**

United States District Court, S.D. Florida, Miami Division.

March 3, 1989.

See also, 686 F.Supp. 1523.

Julius L. Chambers, Richard H. Burr, III, New York City, Larry Helm Spalding, Mark E. Olive, Office of the Capital Collateral Representative, Tallahassee, Fla. by Richard H. Burr, III, Bruce Rogow, Nova University Law Center, Ft. Lauderdale, Fla., for petitioner.

Robert A. Butterworth, Atty. Gen., West Palm Beach, Fla. by Joy B. Shearer, for respondent.

## ORDER DIRECTING PAYMENT OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE CRIMINAL JUSTICE ACT

JAMES LAWRENCE KING, Chief Judge.

Before the court are the motions of Nollie Lee Martin's attorneys, Richard H. Burr III, and Bruce S. Rogow, for attorneys' fees, expenses, and expert witness compensation pursuant to the Criminal Justice Act. These lawyers represented Martin in the capital habeas proceedings in this court. Effective November 10, 1987, the court appointed Burr and Rogow as counsel for Martin in accordance with 18 U.S.C. § 3006A(a)(2).

As a preliminary matter, the court first notes that two authorities allow for the appointment of counsel in capital habeas corpus proceedings. Rule 8(c) of the Rules Governing 28 U.S.C. § 2254 Cases allows the appointment of counsel in habeas proceedings at any stage if the "interest of justice so requires." Similarly, 18 U.S.C. § 3006A(a)(2)(B) provides for the appointment of counsel in § 2254 actions.

The amount of compensation for court appointed services is generally fixed by the Criminal Justice Act. Section 3006A(d)(1) provides that appointed attorneys receive no more than sixty dollars per hour for in court time and a rate not to exceed forty dollars per hour for out of court services. Section 3006A(d)(2) provides that each attorney may not recover more than $750.00 for representation in the collateral proceeding, but the court may waive that amount for extended or complex representation, see 18 U.S.C. § 3006A(d)(3). The Criminal Justice Act also allows compensation for experts. If counsel seeks court approval prior to retaining the expert, counsel may be compensated up to $1,000.00 for the expert's services. 18 U.S.C. § 3006A(e)(1)

and (3). If no prior request is made, counsel is entitled to compensation up to a maximum of $300.00, unless the court believes the timely procurement of these services could not await prior authorization, in which case a maximum of $1,000.00 is established. 18 U.S.C. § 3006A(e)(2)(A), (B) and (3). The $1,000.00 ceiling can only be exceeded if the court so certifies and the Chief Circuit Judge approves. All of these maximums are exclusive of expenses.

Both Richard Burr and Bruce Rogow have submitted detailed affidavits outlining their services. Mr. Burr expended 24.25 hours in court and 163.70 hours out of court. Mr. Rogow spent 27 hours in court and 18.75 hours out of court.

The court finds these time expenditures to be reasonable. The nature of these proceedings required this amount of attorneys' time. The court also notes that many of these hours were expended over a short period of time, which indicates the vast dedication that Mr. Burr and Mr. Rogow had to this case.

■ For similar reasons, the court finds that the $750.00 maximum prescribed by § 3006A(d)(2) should be waived in accordance with § 3006A(d)(3). This matter was extremely complex, raising interesting questions of first impression. Many of the necessary memoranda needed to be prepared and filed in a very short period of time. These works were of the utmost quality. The $750.00 maximum, therefore, should be waived.

■ The court now calculates the attorneys compensation. Mr. Burr's expenditure of 24.25 hours in court, valued at $60.00 per hour, plus his 163.70 hours out of court, valued at $40.00 per hour, entitle him to a compensation of $7,003.00. Mr. Rogow's expenditure of 27 hours in court, valued at $60.00 per hour, and 18.75 hours out of court, valued at $40.00 per hour, entitle him to a compensation of $2,370.00.

Additionally, Mr. Burr requests that he be reimbursed for his expenses of $3,697.53. This large amount is indicative of Federal Express bills and airline costs. In considering the nature of this case, this amount is reasonable, and the court will order compensation in this sum.

■ Lastly, Mr. Burr asks that his three medical experts be compensated pursuant to the Criminal Justice Act. He submits detailed bills, revealing that Doctor Lewis asks for $8,102.00 for her time, Doctor Pincus requests $4,027.00 for his testimony, and Doctor Blau desires $3,740.00 for his services.

Although Mr. Burr did not receive prior authorization for these expenses, the court believes a $1,000.00 maximum should exist for each expert. Most likely, these services could not have been attained without prior court authorization due to the time pressures. Nevertheless, the $1,000.00 ceiling should not be exceeded. While all three witnesses spent some time preparing for their testimony out of court, each alone only testified for less than one day. A $1,000.00 ceiling, therefore, is reasonable.

With this in mind, the court fixes compensation for Martin's experts. Doctor Lewis, who testified almost one full day, is entitled to $1,000.00 for her services plus reimbursement of expenses in the amount of $512.00, for a total compensation of $1,512.00. Doctor Pincus, who testified for about three hours, is entitled to $1,000.00 for his time, plus reimbursement for expenses in the amount of $427.00, for a complete compensation of $1,427.00. Doctor Blau, who testified approximately two hours is entitled to $1,000.00 for his time, plus a reimbursement of $240.00 for expenses, for a total compensation of $1,240.00.

Consistent with this opinion, the court, therefore,

ORDERS and ADJUDGES that:

(1) Richard Burr is entitled to $7,003.00 plus $3,697.53 in expenses for a total compensation of $10,700.53.

(2) Bruce Rogow is entitled to $2,370.00.

(3) Richard Burr shall be compensated $4,179.00 as costs for his experts' services.

(4) Both Bruce Rogow and Richard Burr shall file the necessary Criminal Justice Act vouchers and forms on or before March 31, 1989. These vouch-

ers and forms shall include the amounts herein specified.

DONE and ORDERED.